IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:19-cv-00005-KDB
(CRIMINAL CASE NO. 5:14-cr-00058-KDB-DSC-1)

| | |
|---|---|
| MARIO ALBERTO MONDRAGON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 1],[1] and the Government's Motion to Dismiss Petitioner's Motion to Vacate [CV Doc. 3].

**I.     BACKGROUND**

On September 17, 2014, Petitioner Mario Alberto Mondragon ("Petitioner") was charged in a Bill of Indictment with one count of conspiracy to distribute and to possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count One).  [CR Doc. 14: Bill of Indictment]. Then, on December 16, 2014, Petitioner was charged in a Superseding Bill of Indictment with the same charge as the original Indictment (Count One) and an additional count of aiding and abetting the possession with intent to distribute a mixture and substance containing 50 grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)B), and 841(B)(1)(A)

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 5:19-CV-00005-KDB, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 5:14-CR-00058-KDB-DSC-1.

and 18 U.S.C. § 2 (Count Two). [CR Doc. 22: Superseding Bill of Indictment]. Petitioner proceeded to trial on these charges. The jury found Petitioner guilty on both counts. [CR Doc. 41: Jury Verdict].

Prior to Petitioner's sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 46: PSR]. The probation officer recommended a Total Offense Level (TOL) of 43 and Criminal History Category of I, yielding a guidelines range of a term of imprisonment of life. [Id. at ¶¶ 43, 59, 82]. The probation officer noted a statutory mandatory minimum term of ten years and a maximum term of life on each count, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). [Id. at ¶ 81]. Recognizing that Petitioner's co-conspirator was sentenced to 210 months' imprisonment and finding that a life sentence was not warranted in this case, the Court varied downward from the guidelines, sentencing Petitioner to a term of imprisonment of 360 months on each of Counts One and Two, to be served concurrently. [CR Doc. 51 at 2: Judgment; CR Doc. 52 at 3: Statement of Reasons]. Judgment on Petitioner's conviction was entered on March 1, 2016. [Id.]. Petitioner appealed from his conviction and sentence. [CR Doc. 53]. On June 21, 2017, in a published decision, the Fourth Circuit affirmed the Court's judgment. United States v. Mondragon, 860 F.3d 227 (4th Cir. 2017). Petitioner did not file a petition for writ of certiorari.

On January 16, 2019, Petitioner filed the instant motion to vacate sentence under 28 U.S.C. § 2255.[2] [CV Doc. 1]. On the Court's order to answer, the Government moved to dismiss Petitioner's motion as untimely. [CV Docs. 2, 3]. The Court then advised Petitioner pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of his right to respond to the Government's motion to dismiss. [CV Doc. 4]. Petitioner timely responded. [CV Doc. 5].

---

[2] Petitioner's motion was placed in the prison mailing system on January 10, 2019. [CV Doc. 1 at 12].

2

This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In the instant motion to vacate, Petitioner seeks relief under § 2255 on four grounds: (1) the "sentencing court violated defendant 5th Amendment due process rights by using the guidelines starting point;" (2) his "trial attorney was ineffective for not raising or objecting to the use of the advisory guidelines;" (3) his "trial attorney was ineffective for allowing the defendant of being charged and convicted of one crime; and (4) his "trial attorney was ineffective for grounds 1[,] 2 and 3 and defendant could not have had a fair trial." [CV Doc. 1 at 4-8].

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. This amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by

3

>    the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, as noted, the Fourth Circuit affirmed the Court's judgment on Petitioner's conviction on June 21, 2017, and Petitioner did not Petitioner for a writ of certiorari. Petitioner's conviction, therefore, became final for purposes of Section 2255(f) on September 21, 2017, when the 90-day period for filing a petition for writ of certiorari expired. See Rule 13 of the Rules of the Supreme Court; Clay v. United States, 537 U.S. 522, 532 (2003) (holding the limitations period begins to run when the time for seeking review expires). Petitioner, therefore, had until September 21, 2018, to timely file a motion to vacate. Petitioner did not file his Section 2255 motion to vacate, however, until January 10, 2019. As such, Petitioner's motion is time barred, unless equitable tolling applies.

To be entitled to equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), cert. denied, 541 U.S. 905, 124 S. Ct. 1605 (2004)). A petitioner must show that he has been "pursuing his rights diligently." Holland v. Florida, 560 U.S. 631, 649 (2010). Further, equitable tolling is limited to "rare instances – where due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (quoting Rouse, 339 F.3d at 246).

Petitioner argues that his motion is timely because he "was in transit with the B.O.P. and

4

did not have access to his legal documents[.]" Then, "upon arriving at the F.C.I. McDowell, he was not given his legal documents until approximately 60 days later.[3] Then there was an emergency lockdown at this facility." [CV Doc. 1 at 10]. In his response, Petitioner addresses these arguments in more detail, but provides nothing to support the application of equitable tolling. Plaintiff's materials show that he was placed in disciplinary segregation in June 2018 for possessing "a weapon approximately 7 inches long made of a shiny plastic material shaped into a point, which closely resembles a knife shape." [CV Doc. 5 at 5]. The weapon was attached to the bottom of a locker using a magnet. [Id.]. Although the record does not clearly indicate how long Petitioner was in segregation for this offense, it appears he was transferred to F.C.I. McDowell as a result thereof. [See id. at 7]. Regardless, segregation is typically not an "extraordinary circumstance" warranting the application of equitable tolling. See Golden v. Perry, No. 1:14-cv-129, 2014 WL 7409587, at *5 (M.D.N.C. Dec. 31, 2014). Petitioner has failed to show how segregation prevented him from timely filing his motion, in any event. See id.

Furthermore, the lockdown Petitioner asserts supports the timeliness of his motion did not begin until September 20, 2018, the day before Petitioner's motion was due, and lasted only until October 1, 2018.[4] [CV Doc. 5 at 4]. As such, Petitioner's facility was in lockdown for only two of the 365 days after which Petitioner's judgment became final. This is not grounds for equitable tolling. Moreover, Petitioner did not file his motion until January 10, 2019. Had Petitioner sought to diligently pursue his rights, he would have filed his motion immediately upon lockdown being lifted in October 2018. He did not.

---

[3] In his response, Petitioner claims he was without his legal materials for a period of 84 days after his arrival at F.C.I. McDowell. [CV Doc. 5 at 2].

[4] Petitioner's materials also show that his facility was on lockdown again from November 12, 2018 to December 18, 2018, but this was after the expiration of the deadline for Petitioner's motion to vacate. [See CV Doc. 5 at 4].

Petitioner also claims that he was without his legal materials for a period of 84 days after his transfer. [CV Doc. 5 at 2]. Petitioner, however, fails to explain what legal materials he was deprived of or how the lack of such materials disabled him from timely filing his motion. Furthermore, the property records submitted by Plaintiff make no reference to any legal materials, or any records for that matter, being among the materials that were allegedly withheld from Plaintiff after his transfer. [See CV Doc. 5 at 9-10]. Again, Plaintiff has failed to establish that he should receive the benefit of the doctrine of equitable tolling, which is reserved for the "rare instance" where "it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Whiteside, 775 F.3d at 184. Equitable tolling, therefore, does not apply to save Plaintiff's untimely motion to vacate.[5]

## IV. CONCLUSION

Having concluded that Petitioner's motion to vacate is untimely under § 2255(f)(1), the Court will grant the Government's motion to dismiss.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED** and the Government's Motion to Dismiss [Doc. 3] is **GRANTED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

---

[5] The Court notes that, even if Petitioner's motion had been timely filed, he has stated no meritorious grounds for relief and his motion would be denied in any event.

6

debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: August 31, 2020

*[signature]*

Kenneth D. Bell
United States District Judge